**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 16 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50206 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00486-ODW-1 |
| v. | |
| KEVIN LLOYD STANLEY, AKA Kevin Stanley, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted June 7, 2011
Pasadena, California

Before: TROTT, BYBEE,[**] and IKUTA,[***] Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Following the death of Judge Rymer, Judge Bybee was drawn to replace Judge Rymer on the panel.

[***]     Following the death of Judge Beezer, Judge Ikuta was drawn to replace Judge Beezer on the panel.

Kevin Stanley conditionally pleaded guilty pursuant to Federal Rule of Criminal Procedure 11(a)(2) to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). He reserved the right to appeal the denial of his motion to suppress the offending material located during a search of his computer, a search conducted by federal agents led by Agent Michael Prado. The court concluded that because his girlfriend who consented to the search, Tiana Stockbridge, had the apparent authority to do so, the search of the computer was reasonable.[1]

We have jurisdiction over this timely appeal in accord with 28 U.S.C. § 1291, and we affirm.

Whether a third party such as Stanley's girlfriend has apparent authority to consent to a search of the property of another is an inquiry into the totality of the circumstances, and asks whether the facts available to the police officer at the time of the search would lead a reasonable police officer to believe that the third party could consent to the search. See Illinois v. Rodriguez, 497 U.S. 177, 188 (1990). When the property to be searched is a container, the inquiry must examine the third party's relationship to that container, United States v. Matlock, 415 U.S. 164, 171

---

[1] Because the doctrine of apparent authority is sufficient to decide this appeal, we do not address Stanley's other contentions.

2

& n.7 (1974), as well as whether circumstances indicate that the third party lacks access to the contents of the container, see United States v. Fultz, 146 F.3d 1102, 1106 (9th Cir. 1998) (finding no apparent authority where the officers knew that appellant's boxes were segregated from the homeowner's items and the homeowner indicated that the boxes were appellant's). The critical issue is whether "the surrounding circumstances could conceivably be such that a reasonable person would doubt [Stockbridge's consent] and not act upon it without further inquiry." Rodriguez, 497 U.S. at 188.

An examination of the record here shows that Agent Michael Prado, the investigating officer, knew enough about Stockbridge's relationship to the computer when he received her consent to justify a finding of apparent authority. Agent Prado knew that Stanley's parents gave Stockbridge custody of the computer after Stanley's arrest. He also knew that Stockbridge and Stanley had dated for roughly nine years and lived together—and while living together, had jointly used the computer—but were no longer dating or living together. He knew that Stockbridge had used the computer for many years and had her own personal files on it.

There is no evidence that Agent Prado was aware of circumstances suggesting that Stockbridge's access to the computer might be limited. Most

important, there was no evidence that the computer was password-protected (and Stanley admits it was not). Nor was there evidence that either Prado or Ulises Solorio, the agent who forensically examined Stanley's computer, knew that the computer had separate user accounts. Rather, the evidence shows that Solorio accessed the computer's hard drive remotely, which would have bypassed any screen displaying the user accounts.

Under these circumstances, it was reasonable for Agent Prado to conclude that Stockbridge had the authority to consent to a search of Stanley's computer. Accordingly, we affirm.

**AFFIRMED**.